**Fill in this information to identify your case:**

| | | |
|---|---|---|
| Debtor 1 | Mary J. Marlowe | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF OHIO | |
| Case number: (If known) | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ■ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ■ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ■ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1    **Debtor(s) will make regular payments to the trustee as follows:**

$161.54 per Bi-Weekly for a minimum of 36 months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2    **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

■ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
   *Check one.*

| Debtor | Mary J. Marlowe | Case number | 19-51845 |

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

■ Debtor(s) will treat income refunds as follows:
Per Confirmation Order

**2.4 Additional payments.**
*Check one.*

■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $17,500.00.**

| Part 3: | Treatment of Secured Claims |

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

■ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Select Portfolio Servicing, Inc | 1852 Whychwood Drive Akron, OH 44312 Summit County See legal description attached as Exhibit A. | $543.00<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | Prepetition:<br>$0.00 | 0.00% | $0.00 | $0.00 |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

■ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of

| Debtor | Mary J. Marlowe | Case number | 19-51845 |
|---|---|---|---|

creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Regional Acceptance Corp. | $13,990.00 | 2013 Honda Civic LX 76,000 miles KBB Fair Purchase Price | $9,846.00 | $0.00 | $9,846.00 | 7.25% | Prorata | $11,798.44 |

*Insert additional claims as needed.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*
   ■ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4** **Lien avoidance**.

*Check one.*
   ■ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5** **Surrender of collateral.**

   *Check one.*
   ■ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4: Treatment of Fees and Priority Claims

**4.1** **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be <u>7.70</u>% of plan payments; and during the plan term, they are estimated to total $<u>1,347.50</u>.

**4.3** **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $<u>3,750.00</u>.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

   *Check one.*
   ■ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

   *Check one.*

| Debtor | Mary J. Marlowe | Case number | 19-51845 |
|---|---|---|---|

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ☐ The sum of $        .
- ☐ ____% of the total amount of these claims, an estimated payment of $____.
- ☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $  0.00  . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
- ☒ plan confirmation.
- ☐ entry of discharge.
- ☐ other: _____

## Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
 The debtor's affidavit in support of the values listed in the plan is attached hereto as Exhibit A.

## Part 9: Signature(s):

**9.1** **Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X  /s/ Mary J. Marlowe                    X  _____

| Official Form 113 | **Chapter 13 Plan** | Page 4 |
|---|---|---|
| Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com | | Best Case Bankruptcy |

| Debtor | Mary J. Marlowe | Case number | 19-51845 |
|---|---|---|---|

Mary J. Marlowe  
Signature of Debtor 1

Signature of Debtor 2

Executed on    August 7, 2019

Executed on

X    /s/ Steven J. Heimberger  
Steven J. Heimberger 0084618  
Signature of Attorney for Debtor(s)

Date    August 7, 2019

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | Mary J. Marlowe | Case number | 19-51845 |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $11,798.44 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $5,097.50 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $604.06 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $17,500.00 |

**EXHIBIT A TO CHAPTER 13 PLAN**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| MARY J. MARLOWE ) | Chapter 13 |
| ) | |
| ) | Judge KOSCHIK |
| Debtor ) | |
| ) | |

**AFFIDAVIT OF DEBTOR, MARY J. MARLOWE,
IN SUPPORT OF CHAPTER 13 PLAN**

I, Mary J. Marlowe ("Debtor") being first duly sworn, deposes and says:

1. That I am a debtor in the above captioned matter.

2. That on or about August 7, 2019, I performed, or caused to be performed, an internet search of Kelley Blue Book to determine the Kelley Blue Book Fair Purchase Price of my 2013 Honda Civic LX with 76,000 miles, the results of which are attached hereto as **Exhibit 1**.

3. The Kelley Blue Book Fair Purchase Price represents the price people are typically paying a dealer for a used car with typical mileage in good condition or better. This price is based on actual used car transactions and adjusted regularly as market conditions change.

4. Based upon the Kelley Blue Book Fair Purchase Price attached hereto, I believe the fair market value of my vehicle as of the date of the bankruptcy filing is $9,846.00.

Further Affiant sayeth naught.

DATE: 8/7/19               *Mary J. Marlowe* (signature)
                           **MARY J. MARLOWE**

STATE OF OHIO    )
                 ) ss:
SUMMIT COUNTY    )

Sworn to before me, a Notary Public and subscribed in my presence, this 7th day of August 2019.

[Notarial Seal - State of Ohio]
Attorney Steven J. Helmberger
Resident Summit County
Notary Public, State of Ohio
My Commission Has No Expiration Date
Sec 147.03 RC

_____
NOTARY PUBLIC

2



**EXHIBIT 1**

19-51845

*Advertisement*

Buy from a Dealer

## Used 2013 Honda Civic LX Sedan 4D

near Akron, OH 44308



Combined Fuel Economy

32 MPG

KBB.com Expert Rating

★ ★ ★ ★ ☆
**4** / 5

KBB.com Consumer Rating

★ ★ ★ ★ ⯪
**4.5** / 5



Fair Market Range
**$8,868 - $10,823**
Fair Purchase Price
$9,846 ($197/month)*

Typical Listing Price
$10,290

**Based on Good Condition or Better**

Valid for ZIP Code 44308 through 08/06/2019

## Your Configured Options

**Engine**
4-Cyl, i-VTEC, 1.8 Liter
4-Cyl, PZEV i-VTEC 1.8L

**Transmission**
Automatic, 5-Spd
Manual, 5-Spd

**Drivetrain**
FWD

**Braking and Traction**
Traction Control
Stability Control
ABS (4-Wheel)

**Comfort and Convenience**
Alarm System
Keyless Entry
Air Conditioning
Power Windows
Power Door Locks
Cruise Control

**Steering**
Power Steering
Tilt & Telescoping Wheel

**Entertainment and Instrumentation**
AM/FM Stereo
CD/MP3 (Single Disc)
Bluetooth Wireless

**Safety and Security**
Backup Camera
Dual Air Bags
Side Air Bags
F&R Head Curtain Air Bags

**Lighting**
Daytime Running Lights

**Exterior**
Rear Spoiler

**Wheels and Tires**
Steel Wheels
Alloy Wheels
Premium Wheels
Premium Wheels 19"+

**Exterior Color**
Black
Blue
Brown
Burgundy
Gray
Silver
White

## Glossary of Terms

**Suggested Retail Price** - Suggested Retail Price is representative of dealers' asking prices. It assumes that the vehicle has been fully reconditioned and takes into account the dealers' profit and costs for advertising. The final sale price will likely be less, depending on the car's actual condition, popularity, warranty and local market factors.

**Kelley Blue Book® Fair Purchase Price (Used Car)** - This is the price people are typically paying a dealer for a used car with typical mileage in good condition or better. This price is based on actual used-car transactions and adjusted regularly as market conditions change.

Tip:

Kelley Blue Book pricing is based on actual transactions and adjusted regularly as market conditions change.

**Fair Market Range (Used Car)** - The Fair Market Range is Kelley Blue Book's estimate of what you can reasonably expect to pay this week for a vehicle with typical mileage and configured with your selected options, excluding taxes, title and fees when purchasing from a dealer. Each dealer sets and controls its own pricing.

**Kelley Blue Book® Certified Pre-Owned (CPO) Price** - This is the dealers' asking price of a car that meets the manufacturers' CPO program, which includes an additional warranty beyond the original factory warranty. It includes certification program costs, dealer profits and retail costs. The final price depends on the car's actual condition, popularity, warranty and local market factors.

**Fair Market Range (CPO)** - The Fair Market Range is Kelley Blue Book's estimate of what you can reasonably expect to pay this week for this year, make and model Certified Pre-Owned vehicle with typical mileage configured with your selected options, excluding taxes, title and fees. Each dealer sets and controls its own pricing.

**Kelley Blue Book® Private Party Price** - This is the starting point for negotiation of a used-car sale between a private buyer and seller. This is an 'as is' value that does not include any warranties. The final price depends on the car's actual condition and local market factors.

**Private Party Range** - The Private Party Range is Kelley Blue Book's estimate of what you can reasonably expect to pay this week for a vehicle with typical mileage in the selected condition and configured with your selected options, excluding taxes, title and fees when purchasing from a private party.

**Excellent Condition** - 3% of all cars we value. This car looks new and is in excellent mechanical condition. It has never had paint or bodywork and has an interior and body free of wear and visible defects. The car is rust-free and does not need reconditioning. Its clean engine compartment is free of fluid leaks. It also has a clean title history, has complete and verifiable service records and will pass safety and smog inspection.

**Very Good Condition** - 23% of all cars we value. This car has minor wear or visible defects on the body and interior but is in excellent mechanical condition, requiring only minimal reconditioning. It has little to no paint and bodywork and is free of rust. Its clean engine compartment is free of fluid leaks. The tires match and have 75% or more of tread. It also has a clean title history, with most service records available, and will pass safety and smog inspection.

**Good Condition** - 54% of all cars we value. This car is free of major mechanical problems but may need some reconditioning. Its paint and bodywork may require minor touch-ups, with repairable cosmetic defects, and its engine compartment may have minor leaks. There are minor body scratches or dings and minor interior blemishes, but no rust. The tires match and have 50% or more of tread. It also has a clean title history, with some service records available, and will pass safety and smog inspection.

**Fair Condition** - 18% of all cars we value. This car has some mechanical or cosmetic defects and needs servicing, but is still in safe running condition and has a clean title history. The paint, body and/or interior may need professional servicing. The tires may need replacing and there may be some repairable rust damage.

---

FAQ   |   Contact Us   |   About Us   |   Careers   |   Corporate   |   Advertising   |   Media   |   Site Map   |   KBB Brazil

Follow Us     

© 1995-2019 Kelley Blue Book Co.®, Inc. All rights reserved. Copyrights & Trademarks | Terms of Service | Privacy Policy | Linking Policy | Ad Choices

*© 2019 Kelley Blue Book Co., Inc. All rights reserved. 8/2/2019-8/8/2019 Edition for Ohio 44308. The specific information required to determine the value for this particular vehicle was supplied by the person generating this report. Vehicle valuations are opinions and may vary from vehicle to vehicle. Actual valuations will vary based upon market conditions, specifications, vehicle condition or other particular circumstances pertinent to this particular vehicle or transaction or the parties to the transaction. This report is intended for the individual use of the person generating this report only and shall not be sold or transmitted to another party. Kelley Blue Book assumes no responsibility for errors or omissions. (v.19081)*